Ryan SMILEY, by his guardian ad litem Krista Smiley; Jennifer Lyons, by her guardian ad litem Susan Lyons, on behalf of themselves and all others similarly situated; Learning Disabilities Association of California; Juleus Chapman, by his guardian ad litem Monique Chapman, Plaintiffs—Appellees,

v.

CALIFORNIA DEPARTMENT OF EDUCATION; Delaine Eastin, Superintendent of Public Education; California State Board of Education, Defendants—Appellants,

and

Fremont Unified School District; Sharon Jones, Superintendent of Fremont Unified School District, Defendants.

No. 02–15552.

D.C. No. CV–01–01780–CRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 2002.

Decided Sept. 4, 2002.

Before HALL, McKEOWN, and CLIFTON, Circuit Judges.

MEMORANDUM *

With respect to paragraphs 1 and 2 of the district court's preliminary injunction order dated February 21, 2002, the State Defendants claim that those provisions, which permit all members of the plaintiff class to take the California High School Exit Examination ("CAHSEE") with the necessary accommodations and modifications, are already in effect. To avoid any ambiguity on this point, we therefore decline to modify paragraphs 1 and 2 of the district court's order.

The challenge to the waiver provisions of the CAHSEE is not currently ripe for adjudication as to claims relating to poten-

---

tial future harms caused by the possible denial of a waiver. *See Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (noting that the ripeness doctrine is triggered when the claims at issue relate to "contingent future events that may not occur as anticipated, or indeed may not occur at all" (internal quotation marks omitted)).

The challenge is ripe as to the claim that the uncertainty of the waiver process burdens students' rights to participate in the examination by forcing them to choose between forgoing the use of modifications or risking the denial of a waiver. Because they have alleged a real and immediate injury to all learning disabled students whose IEPs indicate the use of modifications, the plaintiffs have standing to raise this claim. *See City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

However, though the right to participate in statewide testing requires that participation must be meaningful, *see* 20 U.S.C. § 1412(a)(17)(A); H.R. Rep. 105-95, 1997 U.S.C.C.A.N. at 98-99, it does not require us to prohibit the state from exercising its traditional authority to set diploma requirements. Consequently, the plaintiffs have not met their burden to demonstrate probable success on the merits or a sufficiently serious question going to the merits to make the issue a fair ground for litigation. *See Baby Tam & Co. v. City of Las Vegas,* 154 F.3d 1097, 1100 (9th Cir.1998).

The challenge to the putative failure to establish an alternate assessment process is also insufficiently ripe for adjudication at the present time. *See Texas v. United States,* 523 U.S. at 300, 118 S.Ct. 1257.

Therefore, we REVERSE the district court's order with respect to paragraphs 3-5 and 8 of the preliminary injunction and REMAND with directions to dissolve those portions of the preliminary injunction.

REVERSED in part and REMANDED. Each party is to bear its own costs on appeal.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts